<div style="color:red; text-align:center">CORRECTED</div>

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1657V
UNPUBLISHED

| | |
|---|---|
| KRISTINE RUCKER-MORROW,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: June 25, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Edward M. Kraus*, Law Offices of Chicago Kent, Chicago, IL, for petitioner.

*Dhairya Divyakant Jani*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On October 26, 2018, Kristine Rucker-Morrow filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS") following the administration of a seasonal influenza vaccine on October 21, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 7, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On June 23, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $177,500.00 for pain and suffering, $6,016.80 in past unreimbursable expenses, and $13,929.31 in lost earnings for a lump sum payment of $197,446.11. Proffer at 1-2. In the Proffer,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent represented that Petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

      Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $197,446.11 (composed of $177,500.00 for pain and suffering, $6,016.80 in past unreimbursable expenses, and $13,929.31 in lost earnings) in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

      The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                      <u>s/Brian H. Corcoran</u>
                      Brian H. Corcoran
                      Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| **KRISTINE RUCKER-MORROW,** | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | No. 18-1657V (ECF) |
| | * | CHIEF SPECIAL MASTER |
| | * | BRIAN H. CORCORAN |
| **SECRETARY OF HEALTH** | * | |
| **AND HUMAN SERVICES**, | * | |
| | * | |
| Respondent. | * | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 26, 2018, Kristine Rucker-Morrow ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Petitioner alleged that she suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on October 21, 2016. Petition at 1. On October 30, 2019, the Secretary of Health and Human Services ("respondent") filed a Vaccine Rule 4(c) report recommending that compensation be awarded. ECF No. 24. Accordingly, on November 7, 2019, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to Vaccine Act compensation. ECF No. 25.

### I.  Amount of Compensation

Respondent now proffers that, based on the Chief Special Master's entitlement decision and the evidence of record, petitioner should be awarded $197,446.11.[1]  This amount represents

---

[1] The parties have no objection to the amount of the proffered award of damages.  Assuming the Chief Special Master issues a damages decision in conformity with this proffer, the parties waive their right to seek review of such damages decision.

1

all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Items of Compensation and Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment described below, and request that the Chief Special Master's damages decision and the Court's judgment award the following: [2]

A. <u>Petitioner's Damages</u>

A lump sum payment of $197,446.11 (comprised of $177,500.00 for pain and suffering, $6,016.80 in past unreimbursable expenses, and $13,929.31 in lost earnings) in the form of a check payable to petitioner, Kristine Rucker-Morrow.

B. <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

2

                                        ***/s/ DHAIRYA D. JANI***
                                        DHAIRYA D. JANI
                                        Trial Attorney
                                        U.S. Department of Justice
                                        Torts Branch, Civil Division
                                        P.O. Box 146
                                        Benjamin Franklin Station
                                        Washington, D.C. 20044-0146
Dated:  June 23, 2020                 Tel:  (202) 616-4356